M. S. WRIGHT CO. v. BISSELL CARPET SWEEPER CO.

(Circuit Court of Appeals, Second Circuit.    January 16, 1918.

No. 67.

PATENTS ☞328—VALIDITY—ANTICIPATION—CARPET CLEANER.
    The Sturgeon patent, No. 996,810, for a pneumatic carpet cleaner, the special feature of which is the arrangement of the V-shaped bellows, *held* void for anticipation in the prior art.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the M. S. Wright Company against the Bissell Carpet Sweeper Company. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 242 Fed. 950.

Appeal from a judgment dismissing a decree in equity for the infringement of a patent to Harold M. Sturgeon dated July 4, 1911. The claims in suit, No. 1 and No. 2, are as follows:

"1. The combination in a pneumatic carpet cleaner, of a dust box, a screen device slidably mounted in the upper portion of said box adapted to be removed and replaced within said box, a suction nozzle secured to and supporting the front end of said box the exit therefrom entering said box under said screen device, journal bearings secured to the rear end of said box, a crank shaft in said bearings, cranks in said shaft, a suction device above said box communicating with the interior thereof above said screen device, pitmen extending between the cranks in said crank shaft and said suction device, and traction wheels secured on said crank shaft, adapted to support the rear end of said dust box and rotate said crank shaft, substantially as set forth.

"2. The combination in a pneumatic carpet cleaner, of a dust box, a drawer in the bottom of said box, a horizontal screen device in the upper portion of said box, a suction nozzle secured to and supporting the front end of said box the exit from said nozzle entering said box below said screen device, a suction device upon the top of said box, wheels supporting the rear end of said box, a crank shaft connecting said wheels, and pitmen extending between the cranks on said shaft and said suction device, substantially as set forth."

The patent is for improvements in a vacuum carpet cleaner of the same general type as that considered in the opinion handed down at the same time in National Sweeper Co. v. Bissell, 249 Fed. 196, —— C. C. A. ——. The peculiar improvement of this patent consists in the arrangement of the V-shaped bellows which are hinged at the forward end and move at the other, together with the crank and pitman mechanism attached to the traction wheels by which the bellows are operated. One of the purposes of the invention was to make the vibration of the bellows all at the wheel end, so that their movement should not jar the nozzle from the carpet and affect its suction.

In 1909 one Applegate applied for a patent, granted 1909, 1,016,600, for a vacuum cleaner driven by traction, and disclosed three V-shaped bellows, two hinged at the forward end, and one at the rear end. These were operated by the traction wheels through cam and pitman. Conover, 847,298, and Buell, 949,370, had a connection by crank and pitman between wheel and bellows, each in a machine of the carpet sweeper type. The Baender patent was also pleaded as an anticipation in this suit.

L. S. Bacon, of Washington, D. C., Louis W. Southgate, of New York City, and C. L. Sturtevant, of Washington, D. C., for appellant.

Drury W. Cooper, of New York City, and Fred L. Chappell, of Kalamazoo, Mich., for appellee.

Before WARD and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge (after stating the facts as above). Applegate seems to us a complete anticipation of this patent. It was a pneumatic carpet cleaner having a dust box. It had a screen slidably mounted in the upper part of the box which could be removed and replaced. It had a suction nozzle in front, and while this nozzle did not support the front end in the same sense as Sturgeon's nozzle, it did so in the sense that even the defendant's first form supported it. To operate at all the nozzle of such a machine must bury into the nap

of the carpet far enough to establish a difference of air pressure within the box and the bellows. As the nap is resilient this necessarily involves some upward pressure against the nozzle, which means that the latter in some measure supports the front end. We do not say that the claims mean this; but, if they do not, the defendant does not infringe, and the plaintiff must insist upon that interpretation. If so, the only invention remaining must be in the percentage of the weight carried by the nozzle, which would not be the subject of a patent. Applegate has journal bearings and a crank shaft, with crank and pitman between it and the suction device. It is, of course, true that there is literally no crank, though there is a pitman; but we cannot treat very seriously any supposed distinction between Applegate's actual disclosure and Sturgeon's in this regard, in view of Conover and Buell in exactly the same art. Finally, Applegate has "suction devices," and, indeed, his suction devices are the same as those disclosed by Sturgeon. Now, it is true that one of his bellows is reversed, so that its hinge is to the front, and it may be argued with some plausibility that he could not have apprehended the advantage of Sturgeon's arrangement. The whole argument is, however, irrelevant, because not only does neither claim have any such limitation, but it is even apparent that the very V-shaped bellows was not an element of the patent. It is disclosed only as a preferable form (page 2, lines 31, 44), and the claims clearly pretend to generality in respect of the suction devices.

Claim 2 is no better, for we do not attach any importance to the "drawer therein" specified, as distinct from the "screen," merely, of claim 1.

Were Applegate alone not enough, we should not allow the claim any validity, after remembering Baender, Conover, and Buell, upon which it can at best be only an improvement.

No discussion of the success of the machine is necessary, beyond what we have said in the case of National Sweeper Company v. Bissell Carpet Sweeper Company.

Decree affirmed, with costs.